United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff<br><br>v.<br><br>Diana P. Lovera, Defendant | Civil Action No. 17-22407-Civ-Scola |

### Final Judgment as to Defendant Diana P. Lovera

The Plaintiff Securities and Exchange Commission ("Commission") filed a complaint against the Defendant Diana P. Lovera alleging seven counts: violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c); fraud in violation of Sections 17(a)(1)–(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1)–(3); and fraud in violation of Section 10(b) and Rule 10b-5(a)–(c) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a)–(c). The Commission requested a disgorgement order, civil money penalties, and a permanent injunction barring Lovera from violating the federal securities law alleged in the complaint. The Commission also sought to bar Lovera from offering any penny stock, from serving as an officer or director of certain entities, and from participating in the issuance or sale of any security. Lovera waived service of a summons and the complaint in this action, entered a general appearance, and admitted the Court's jurisdiction over her and over the subject matter of this action. Further, Lovera consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. Accordingly, the Court **grants** the Commission's motion for entry of final judgment (**ECF No. 4**).

### I.

It is hereby **ordered, adjudged, and decreed** that Lovera is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a) to employ any device, scheme, or artifice to defraud;
    b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in

   the light of the circumstances under which they were made, not misleading; or
  c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; by, among other things, directly or indirectly
    i. creating a false appearance or otherwise deceiving any person, or
    ii. disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about:
      A. any investment strategy or investment in securities;
      B. the prospects for success of any product or company;
      C. the use of investor funds;
      D. compensation to any person;
      E. Lovera's qualifications to advise investors; or
      F. the misappropriation of investor funds or investment proceeds.

  It is further **ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:
  a) Lovera's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lovera or with anyone described in (a).

## II.

  It is further **ordered, adjudged, and decreed** that Lovera is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (the "Securities Act"), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:
  a) to employ any device, scheme, or artifice to defraud;
  b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; by, among other things,
        i. creating a false appearance or otherwise deceiving any person, or
        ii. disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about:
            A. any investment strategy or investment in securities;
            B. the prospects for success of any product or company;
            C. the use of investor funds;
            D. compensation to any person;
            E. Lovera's qualifications to advise investors; or
            F. the misappropriation of investor funds or investment proceeds.

It is further **ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:
    a) Lovera's officers, agents, servants, employees, and attorneys; and
    b) other persons in active concert or participation with Lovera or with anyone described in (a).

### III.

It is hereby further **ordered, adjudged, and decreed** that Lovera is permanently restrained and enjoined from violating Section 5 of the Securities Ac, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:
    a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
    b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

It is further **ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

  a) Lovera's officers, agents, servants, employees, and attorneys; and
  b) other persons in active concert or participation with Lovera or with anyone described in (a).

### IV.

It is further **ordered, adjudged, and decreed** that Lovera is prohibited from directly or indirectly, including, but not limited to, through any entity owned or controlled by Lovera, participating in the issuance, purchase, offer, or sale of any security, provided, however, that Lovera is not prohibited from purchasing or selling securities listed on a national securities exchange for her own personal accounts.

### V.

It is further **ordered, adjudged, and decreed** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Lovera is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### VI.

It is hereby further **ordered, adjudged, and decreed** that Lovera is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five

dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

### VII.

It is hereby further **ordered, adjudged, and decreed** that Lovera is liable for disgorgement of $81,374, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest of $3,343. Lovera's payment of disgorgement and prejudgment interest shall be deemed satisfied by the November 28, 2016 Final Judgment against Lovera in *United States v. Lovera*, No. 15-CR-60317-BB-002 (S.D. Fla.), which ordered, among other things, that Lovera pay $6,314,010.91 in restitution, joint and several with her co-conspirators.

### VIII.

It is further **ordered, adjudged, and decreed** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Lovera, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Lovera under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Lovera of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### IX.

It is further **ordered, adjudged, and decreed** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Finally, the Court **directs** the Clerk to **close** this case. All pending motion, if any, are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on June 30, 2017.

_____
Robert N. Scola, Jr.
United States District Judge